IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CHRISTOPHER JOHNSON, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 16-cv-5468 |
| v. | ) ) | Hon. John Z. Lee |
| UBER TECHNOLOGIES, INC., | ) ) | Mag. Young B. Kim |
| Defendant. | ) ) | |

**DEFENDANT UBER'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant UBER TECHNOLOGIES, INC. ("DEFENDANT"), through its attorneys, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, files this Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, and states as follows:

1. Plaintiff Charles Christopher Johnson is a college graduate with two years of coursework toward a post-graduate degree and professional training in user experience design. (Decl. of Tiffany Cheung in Support of Mot. for Summ. J. ("Cheung Decl.") Ex. A (Johnson Dep.) at 25:22-26:9; 27:8-16.)

2. Plaintiff is currently employed as a free-lancer in animation, production, and art management. (*Id.* at 28:6-13.)

3. Plaintiff's job involves working with technology, software, and mobile apps. (*Id.* at 28:14-21, 29:22-30:13.)

4. Plaintiff has downloaded applications ("apps") on his phone and is familiar with the type of sign-up process that involves agreeing to the terms and conditions required by the entity providing the app. (*Id.* at 31:20-33:24, 35:8-23, 36:3-22, 38:24-40:12, 153:23-155:2.)

5. Plaintiff expects companies to require consumers to agree to their terms and conditions in connection with providing services. (*Id.* at 85:2-15.)

6. Plaintiff acknowledges that it is commonplace for terms and conditions to be made available through a hyperlink and that the hyperlink puts consumers on notice of the terms and conditions. (*Id.* at 33:11-24; 77:21-78:6, 83:17-84:18.)

7. Using a hyperlink, in Plaintiff's view, is a way that companies can make legal documents "readily available" and "noticeable" to online consumers. (*Id.* at 83:17-84:18.)

8. Uber is a software technology company that enables third-party transportation providers ("drivers") to receive transportation requests from interested individuals ("riders") through the Uber App. (ECF No. 16-2 [Declaration of Vincent Mi], ¶ 3.)

9. At the time Plaintiff created an Uber account, Uber's sign-up process required users to complete certain steps through screens entitled: (1) Create an Account; (2) Create a Profile and (3) Link Card. (Cheung Decl. Ex. B (Mi Dep.) at 25:5-21; *id.* Ex. C (UBER00000047-UBER00000052).)

10. No scrolling was required on any of the three screens. (Cheung Decl. Ex. C (UBER00000047- UBER00000052).)

11. Each screen needed to be fully completed prior to the user being able to proceed to the following screen. (Cheung Decl. Ex. B (Mi Dep.) at 28:3-30:13.)

12. Once all the fields are completed on the "Create an Account" screen, the text of the "Next" button appearing in the upper right corner goes from grey to dark black indicating the user may click on it. (*Id.* at 29:5-14; Cheung Decl. Ex. C at UBER00000048.)

13. After the user clicks the "Next" button, he is directed to the "Create a Profile" screen, which contains fields for first and last name. (Cheung Decl. Ex. B (Mi Dep.) at 29:12-17; *id.* Ex. C at UBER00000049.)

14. Once the first and last name have been entered, the "Next" button becomes dark black and the user may click on it to proceed to the "Link Card" screen to input payment information. (Cheung Decl. Ex. B (Mi Dep.) at 29:20-30:13; *id.* Ex. C at UBER00000050.)

15. A representation of the "Link Card" screen before payment information is entered appears as follows:



(Cheung Decl. Ex. C at UBER00000050.)

  16.  The words "Terms of Service & Privacy Policy" are called out in a box to indicate the text is hyperlinked.  (Cheung Decl. Ex. B (Mi Dep.) at 30:14-31:23; *id.* Ex. C at UBER00000050.)

  17.  There is no scrolling or swiping that needs to occur for the user to be able to view and click on the "Terms of Service & Privacy Policy."  (Cheung Decl. Ex. C at UBER00000050.)

18. Clicking on the hyperlink leads the user to the Terms of Service in effect at that time.[1] (Cheung Decl. Ex. B (Mi Dep.) at 30:14-32:8.)

19. The Terms of Service state: "By using or receiving any services supplied to you by [Uber] (collectively, the 'Service') … and downloading, installing, or using any associated application…, you hereby expressly acknowledge and agree to be bound by the terms and conditions of the Agreement[.]" (Cheung Decl. Ex. D at UBER00000012.)

20. In the Terms of Service, there is a heading entitled "Dispute Resolution." Under "Dispute Resolution," the following language appears:

**Dispute Resolution**

> You and Company agree that any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof or the use of the Service or Application (collectively, **"Disputes"**) will be settled by binding arbitration, except that such party retains the right to bring an individual action in small claims court and the right to seek injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation or violation of a party's copyrights, trademarks, trade secrets, patents or other intellectual property rights. **You acknowledge and agree that you and Company are each waiving the right to a trial by jury or to participate as a plaintiff or class User in any purported class action or representative proceeding.**

(*Id.* at UBER00000019.)

21. The Terms of Service specifically state that the "'Dispute Resolution' section will survive any termination of this Agreement." (*Id.*)

22. The "Dispute Resolution" section incorporates the AAA Commercial Arbitration Rules. (*Id.*)

23. The Terms of Service and Privacy Policy contained several provisions regarding Uber's use of Plaintiff's information and communications from Uber and third parties. (Cheung

---

[1] The phrases "Terms of Service" and "Terms and Conditions" are used interchangeably to refer to the Terms governing the relationship between Uber and users of the Uber app.

Decl. Ex. E at UBER00000008-UBER00000010; *id.* Ex. D at UBER00000015-UBER00000016.)

24. After users completed the field for the card number on the "Link Card" screen, fields for the expiration date and CSV of the card appeared. When all payment information was input, users completed the account creation process by clicking the "NEXT" button on the "Link Card" screen. (Cheung Decl. Ex. B (Mi Dep.) at 29:23-30:13.)

25. On July 8, 2013, Plaintiff downloaded Uber's rider application to his phone and created an Uber account. (ECF No. 25-1 [Declaration of Charles Christopher Johson [*sic*]], ¶ 4; Cheung Decl. Ex. A (Johnson Dep.) at 66:10-15; 89:17-21.)

26. Plaintiff admits he has no reason to believe that the account creation process he experienced was different than Uber's records. (Cheung Decl. Ex. A (Johnson Dep.) at 163:2-15.)

27. Plaintiff admits that he created an account and completed each of the required steps to do so. (*Id.* at 86:22-87:2, 88:20-23, 89:17-21, 163:2-21.)

28. Plaintiff admits it is possible he may have (1) seen, (2) clicked on, (3) read, and (4) indicated he accepted Uber's Terms of Service & Privacy Policy during the account creation process. (*Id.* at 105:17-107:7, 150:5-8.)

29. Plaintiff has no specific recollection about the sign-up process he underwent in creating his Uber account. (*Id.* at 72:23-73:1, 74:11-22, 75:8-76:4, 76:20-78:2, 78:10-14, 79:8-16, 81:14-17, 104:15-105:24.)

30. Plaintiff used a Chase debit card at the time he created an Uber account. (*Id.* at 90:6-15.)

6

31. Plaintiff could not recall entering payment information when he created an account. (*Id.* at 77:9-20, 90:6-12, 90:19-91:8.)

32. Uber's records show that the payment linked to Plaintiff's account was a Chase debit card. (Cheung Decl. Ex. B (Mi Dep., 34:4-20); *id.* (Mi Dep. Ex. 7).)

33. Plaintiff used the Uber application on multiple occasions for multiple purposes. (Cheung Decl. Ex. A (Johnson Dep.) at 67:11-68:2, 70:6-19, 107:23-108:11.)

34. The purposes for which Plaintiff used Uber's services included to: (1) see how it worked; (2) see what the rates were like; (3) check out the map to see where the cars were; (4) compare if it was "something that [he] needed versus getting a cab"; (5) look at estimated times; and (6) track "cars in the area and how you might hail them." *Id.* at 67:11-68:2, 70:6-19, 107:23-108:11.)

35. Plaintiff acknowledges that, contrary to his prior interrogatory answers indicating he never used Uber's services, using the application in the manner he did, "could count as using" Uber's services. (*Id.* at 146:9-147:13.)

36. Creating an Uber account using the Uber app constitutes a usage of the Uber App. (Cheung Decl. Ex. B (Mi Dep.) at 12:13-13:12.)

37. Plaintiff has never made any attempt to cancel his Uber account by contacting Uber or otherwise. (Cheung Decl. Ex. A (Johnson Dep.) at 68:14-22.)

38. Plaintiff claims to have deleted the Uber App from his phone, but does not have any documentary evidence to support that claim. (*Id.* at 66:23-67:10, 69:2-7, 108:24-109:8, 115:11-116:6, 129:10-18; *Id.* Ex. F (Response to Request for Inspection No. 2).)

39. Plaintiff alleges he is a natural person residing in the District in the City of Chicago, Cook County. (ECF No. 1 [Class Action Complaint], ¶ 9.)

40.     Uber Technologies, Inc. is a Delaware corporation with its principal place of business in San Francisco, California.  (ECF No. 1 [Class Action Complaint], ¶ 10.)

41.     Plaintiff alleges the Court has subject matter jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 [Class Action Complaint], ¶ 6.)  Uber denies that this dispute may proceed in this forum and asserts that Plaintiff's claims must be resolved in individual arbitration.

42.     Plaintiff alleges venue is proper because the nexus of facts underlying Plaintiff's claims regarding the text message he allegedly received occurred within this District.  (ECF No. 1 [Class Action Complaint], ¶ 8.)


Dated:  September 1, 2017                    Respectfully submitted,

                                             By: /s/ Tiffany Cheung
                                                 *Attorney for Defendant*
                                                 *Uber Technologies, Inc.*

Tiffany Cheung (admitted *Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
(415) 268-7000
tcheung@mofo.com

Kelsey M. Stricker (admitted *Pro Hac Vice*)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
(213) 892-5200
kstricker@mofo.com

John C. Ellis
ELLIS LEGAL P.C.
250 S. Wacker Dr., Suite 600
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a copy of the foregoing Defendant Uber Technologies, Inc.'s Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment was served on Plaintiff's counsel via the Court's CM/ECF system on this 1st day of September, 2017.

By: /s/ Tiffany Cheung
Attorney for Defendant
Uber Technologies, Inc.